UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Dallas Division

| | | |
|---|---|---|
| THE LEADER'S INSTITUTE, LLC, | § | |
| a Limited Liability Company | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  3:16-cv-852 |
| | § | |
| TEAMBONDING, INC., | § | |
| a Massachusetts Corporation, and | § | |
| | § | |
| David Goldstein, | § | |
| an Individual | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff, The Leader's Institute, LLC, by and through the undersigned counsel, and files this Complaint against Defendants and alleges the following:

## NATURE OF THE ACTION

1. This is an action for trademark infringement and unfair competition under the United States Trademark (Lanham) Act 15 U.S.C. §§ 1051, *et seq*., and unfair competition, unjust enrichment, and trademark infringement under the common law and the laws of this State.

2. Plaintiff The Leader's Institute is a highly successful, independent, and privately held company offering training to organizations and individuals in leadership and management skills development, public speaking skills, and team-building.

3. Plaintiff has invested significantly in its business as well as its branding, including use of the mark BUILD-A-BIKE®.

361946-v1/4456-01200

4.      As a result of its extensive advertising, provision of services, sound business practices, and operations, Plaintiff has established strong relationships with consumers who have come to recognize and respect the services provided by Plaintiff and identified using the Plaintiff's BUILD-A-BIKE® mark.

5.      Plaintiff's BUILD-A-BIKE® trademark is distinctive and well known as used in connection with the services offered by Plaintiff, resulting in recognition that the services offered under the mark emanate from a single source – namely Plaintiff.  Thus, there is a likelihood that the Plaintiff' existing and potential customers will be confused unless Defendants are enjoined.

6.      The goodwill embodied in the mark of Plaintiff, and consequently Plaintiff's valuable reputation and credibility in the industry, depends on the integrity of the mark as being identified exclusively with Plaintiff, and not any other source.

7.      This lawsuit is brought to stop Defendants' infringement of valuable intellectual property rights, including the federally registered BUILD-A-BIKE® mark relating to Plaintiff's business, from passing off Defendants' operations as those of Plaintiff, including engaging in activities likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person.

8.      Defendants' business operations are nearly identical to Plaintiff's business operations and Defendants' use of Plaintiff's BUILD-A-BIKE® mark in connection with its business constitutes an apparent intentional effort to imitate and/or cause confusion with respect to the successful business and trademark of Plaintiff.

361946-v1/4456-01200

9.     On information and belief, Plaintiff and Defendants have a direct overlap in customers insofar as they both draw from, and thus compete for, the same pool of organizations and individuals seeking team building activities and educational sessions.

10.    Defendants' infringement of Plaintiff's intellectual property rights harms Plaintiff, as well as Plaintiff's customers who may be confused and deceived by Defendants' business and/or Defendants' unauthorized reproduction and/or imitation of Plaintiff's trademark, both federally registered and at common law.

11.    Plaintiff respectfully seeks intervention of this Court to stop Defendants from continuing their present activities and for monetary damages.

## THE PARTIES

12.    Plaintiff re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

13.    The Leader's Institute, LLC ("TLI"), is a limited liability company duly organized and existing under the laws of the state of Texas with its principal place of business at 6703 Coronation Court, Arlington, Texas, 76017.  TLI is engaged in the business of education and training for organizations and individuals in leadership and management skills development, public speaking skills and team-building.

14.    Defendant, TeamBonding, Inc. ("Defendant TeamBonding"), is a Massachusetts corporation whose principal place of business is at 264 Washington Street, Westwood, Massachusetts, 02090.  On information and belief, Defendant may be served with process by serving its registered agent, David Goldstein, at 18 Washington Street, #200, Canton, Massachusetts, 02021.

361946-v1/4456-01200

15.     Defendant, David Goldstein ( "Defendant Goldstein"), is a natural person who, on information and belief, resides in Norfolk County, Massachusetts.  On information and belief, Defendant Goldstein is the founder and owner of Defendant TeamBonding.

## JURISDICTION AND VENUE

16.     Plaintiff re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

17.     The Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction over the state law claims under 28 U.S.C. §1367(a).

18.     On information and belief, this Court has personal jurisdiction over Defendants under the Texas long arm statute because Defendants have established minimum contacts with Texas such that the exercise of personal jurisdiction over Defendants is proper under the due process clause of the United States Constitution.   Defendants are committing trademark infringement by providing services that infringe Plaintiff's trademark in Texas and by advertising that is intentionally directed at Texas with the purpose and effect of injuring TLI at its principal place of business in Texas.

19.     On information and belief, Defendants have willfully and voluntarily committed the acts complained of herein in at least this State.

20.     On information and belief, venue is proper under 28 U.S.C. § 1391.

361946-v1/4456-01200

## FACTUAL ALLEGATIONS

### A. PLAINTIFF'S BUILD-A-BIKE® TRADEMARK

21.     Plaintiff re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

22.     Since at least as early as December 2001, Plaintiff has been engaged in the business of conducting corporate leadership, team-building and public speaking seminars.

23.     Plaintiff provides training to organizations and individuals in leadership and management skills development, public speaking skills, and team-building training.   Plaintiff also organizes and puts on corporate charity events which allow for both the development of team building skills and charitable giving by its organizational clients.

24.     Plaintiff, by and through itself, and by and through its chief executive officer, is the owner of several service marks registered with the United States Patent and Trademark Office ("USPTO"), including without limitation, the following registrations:

> U.S. Trademark Registration No. 4,542,884 for the standard character word mark **BUILD-A-BIKE®** for use in connection with "educational services, namely, conducting classes, seminars, workshops, lectures, and self-paced training programs in the field of personal and professional development, leadership, communication, and team building and distribution of educational materials in connection therewith; personal coaching services in the field of personal and professional development for individuals and groups," in International Class 41; and

> U.S. Supplemental Trademark Registration No. 3,535,706 for the standard character word mark **BUILD-A-BIKE®** for use in connection with "education services, namely, providing classes, seminars, and workshops in the field of team building and leadership," in International Class 41.

25.     The foregoing trademark registrations are currently valid, subsisting and in full force and effect.   True and correct copies of the registration certificates are attached hereto as

361946-v1/4456-01200

Exhibits A and B. The federal registration and common law rights of Plaintiff in the mark BUILD-A-BIKE® are collectively referred to hereafter as the "BUILD-A-BIKE® Mark."

26. Plaintiff has extensively advertised and promoted its services and has developed substantial recognition in the marketplace for its services bearing the BUILD-A-BIKE® Mark. Plaintiff's advertising has included brochures, mailings and other letters, training and course materials, the Internet, and in other manners customary to the trade. Plaintiff also regularly interacts and conducts business with its clients via the telephone, facsimile, mail and/or email using the BUILD-A-BIKE® Mark.

27. As a result of Plaintiff's long use and promotion of the BUILD-A-BIKE® Mark, the mark has become widely and favorably known as identifying Plaintiff and its leadership and team building workshops and related goods and services from those of others, and to distinguish the source or origin of Plaintiff's leadership and team building workshops and related goods and services.

28. As a result of Plaintiff's long use and promotion of the BUILD-A-BIKE® Mark in the United States, Plaintiff has acquired valuable common law rights in the Mark.

29. Plaintiff has continuously used the BUILD-A-BIKE® Mark in interstate commerce since at least as early as October 15, 2005 in connection with leadership and team building workshops and related goods and services, and has followed the USPTO marking guidelines by properly using the ® and/or TM designations, as appropriate, in connection with the BUILD-A-BIKE® Mark.

30. Through Plaintiff's trademark registrations and Plaintiff's consistent and continuous use, advertising, and third-party media attention, Plaintiff has developed enforceable statutory and common law rights in the BUILD-A-BIKE® Mark. Plaintiff has established

substantial goodwill with its customers via the mark and has developed an excellent reputation throughout the United States.  In addition, Plaintiff has invested significantly in advertising the registered BUILD-A-BIKE® Mark in association with its business.

## B.  DEFENDANTS' INFRINGING ACTIVITIES

31.    On information and belief, Defendant TeamBonding is a Massachusetts corporation.

32.    On information and belief, Defendant Goldstein is a founder and owner of Defendant TeamBonding.

33.    Defendants' business, like that of Plaintiff's, involves the offering of team building activities, events and related goods and services to customers throughout the United States.  Defendants' website is located at www.teambonding.com.

34.    On information and belief, Defendant TeamBonding has offered services in interstate commerce.

35.    On information and belief, Defendants have been using Plaintiff's BUILD-A-BIKE® mark on their website and elsewhere in advertising and promoting their goods and services since at least as early as March 2013 including but not limited to the following:

   a.  Use of Plaintiff's identical mark in the URL associated with Plaintiff's main page for its "Charity Bike Build" event which is virtually identical to a bike building event offered by Plaintiff: https://www.teambonding.com/programs/build-a-bike/ (see Exhibit C);

   b.  Use of Plaintiff's mark on various pages of Defendants' website:

   > https://www.teambonding.com/programs/
   > https://www.teambonding.com/program-type/csr/
   > https://www.teambonding.com/program-type/most-popular/
   > https://www.teambonding.com/program-type/outdoor-activities/

361946-v1/4456-01200

https://www.teambonding.com/program-type/indoor-team-building/
https://www.teambonding.com/program-type/holiday-outings
https://www.teambonding.com/provider/teambonding-csr/page/2/
https://www.teambonding.com/testimonial/a-r-genentech/
https://www.teambonding.com/about/testimonials/
https://www.teambonding.com/team-building-plan-mojo/

*See* Exhibit D.

c. Use of Plaintiff's mark in the description of a YouTube video at https://www.youtube.com/watch?v=41uk11SO_zw (see Exhibit E).

36.     Plaintiff has not licensed or authorized Defendants to undertake any of the above-described activities.

37.     On numerous occasions over several years prior to November 7, 2014, Plaintiff, via its chief executive officer, contacted Defendant Goldstein via telephone and email to request that he and Defendant TeamBonding cease using the BUILD-A-BIKE® Mark.

38.     On November 7, 2014, Plaintiff gave written notice of the infringing activities related to BUILD-A-BIKE® Mark prior to the commencement of this action, again demanding a halt to specific acts by Defendants.

39.     Between November 7, 2014 and April 7, 2015 , some of Defendants' infringing uses of Plaintiff's BUILD-A-BIKE® Mark, were addressed, while others were not.

40.     On April 7, 2015 , a second notice was delivered to Defendants demanding they cease the continued use and voluntary infringement of Plaintiff's mark.

41.     On July 10, 2015, a third notice was delivered to Defendants' counsel, demanding again that Defendants cease use and infringement of Plaintiff's mark.

Page 8

361946-v1/4456-01200

42.     On information and belief, and notwithstanding the foregoing, Defendants continue to use Plaintiff's BUILD-A-BIKE® Mark on their website and elsewhere.  Such use directly infringes Plaintiff's intellectual property and uses Plaintiff's intellectual property to compete with Plaintiff.

43.     On information and belief, Defendants are willfully continuing to use Plaintiff's BUILD-A-BIKE® Mark and engage in the acts complained of herein.

## C.  EFFECT OF DEFENDANTS' ACTIVITIES

44.     Defendants' activities falsely represent to the relevant public that there is an association with Plaintiff.

45.     Defendants' unauthorized use of the BUILD-A-BIKE® Mark is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, at least as to some affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' business by Plaintiff.

46.     Defendants' unauthorized use of the BUILD-A-BIKE® Mark falsely designates the origin of their business, and falsely and misleadingly describes and represents facts with respect to Defendants' business.

47.     Defendants' unauthorized use of the BUILD-A-BIKE® Mark enables Defendants to trade on and receive the benefit of goodwill built up at great labor and expense by Plaintiff over many years, and to gain acceptance for its business not solely on its own merits, but on the reputation and goodwill of Plaintiff, its registered BUILD-A-BIKE® Mark, and its services.

48.     Defendants' unauthorized use of the BUILD-A-BIKE® Mark unjustly enriches Defendants at Plaintiff's expense.  Defendants have been and continue to be unjustly enriched, obtaining a benefit from Plaintiff by taking undue advantage of Plaintiff and its vast goodwill.

361946-v1/4456-01200

Specifically, Defendants have taken unfair advantage of Plaintiff by trading on and profiting from the goodwill in the BUILD-A-BIKE® Mark developed and owned by Plaintiff, resulting in Defendants wrongfully obtaining a monetary and reputational benefit for their own business and products.

49.     Defendants' unauthorized use of the BUILD-A-BIKE® Mark removes from Plaintiff the ability to control the nature and quality of products provided under the BUILD-A-BIKE® Mark, and places the valuable reputation and goodwill of Plaintiff in the hands of Defendants, over whom Plaintiff has no control.

50.     Unless these acts of Defendants are restrained by this Court, they will continue, and it will continue to cause irreparable injury to Plaintiff and to the public for which there is no adequate remedy at law.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT

51.     Plaintiff re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

52.     The acts of Defendants complained of herein constitute infringement of Plaintiff's federally registered BUILD-A-BIKE® Mark in violation of 15 U.S.C. § 1114(1).

53.     Defendants' acts complained of herein have been deliberate, willful, intentional, or in bad faith, with full knowledge and conscious disregard of Plaintiff's rights in the BUILD-A-BIKE® Mark, and with intent to cause confusion and to trade on Plaintiff's vast goodwill in the BUILD-A-BIKE® Mark. In view of the egregious nature of Defendants' infringement, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## COUNT II: FEDERAL UNFAIR COMPETITION

361946-v1/4456-01200

54.    Plaintiff re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

55.    The acts of Defendants complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

56.    Defendants' use of the BUILD-A-BIKE® Mark without Plaintiff's consent is likely to cause confusion or mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, in violation of 15 U.S.C. § 1125(a) and constitutes unfair competition with Plaintiff.

57.    Plaintiff believes, and thereon alleges that Defendants' actions have been undertaken willfully with full knowledge of the likely confusion or mistake with respect to the source of the services.

58.    Plaintiff believes, and thereon alleges, that Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendants' unfair competition in an amount not presently known to Plaintiff. By reason of Defendants' actions, constituting unfair competition, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

## COUNT III: COMMON LAW TRADEMARK INFRINGEMENT

59.    Plaintiff re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

60.    The acts of Defendants complained of herein constitute trademark infringement in violation of the common law of the State of Texas.

## COUNT IV: COMMON LAW UNFAIR  COMPETITION

Page 11

61.     Plaintiff re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

62.     The acts of Defendants complained of herein constitute unfair competition in violation of the common law of the State of Texas.

## COUNT V: UNJUST ENRICHMENT

63.     Plaintiff re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

64.     The acts of Defendants complained of herein constitute unjust enrichment of Defendants at the expense of Plaintiff.

## DEMAND FOR A JURY TRIAL

65.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury of all issues properly triable by jury.

## PRAYER FOR RELIEF

66.     WHEREFORE, Plaintiff requests entry of judgment in its favor and against Defendants including the following:

a.  A judgment declaring that Defendants have infringed Plaintiff's BUILD-A-BIKE® Mark under state and federal law;

b.  A judgment awarding Plaintiff damages as a result of Defendants' infringement of the trademarks with interest and costs;

c.  A judgment declaring that Defendants' infringement of Plaintiff's trademarks has been willful and deliberate;

d.  A judgment for Plaintiff on all other counts asserted herein;

361946-v1/4456-01200

e.  A judgment declaring that Defendants' business, and the present use of Plaintiff's BUILD-A-BIKE® Mark, in competition with Plaintiff, constitutes trademark infringement under 15 U.S.C. § 1114 and unfair competition under 15 U.S.C. § 1125, and also that Defendants' acts constitute willful infringement under 15 U.S.C. § 1117;

f.  A judgment ordering that Defendants be ordered to pay any and all damages available under 15 U.S.C. § 1117, including court costs, expenses, enhanced damages, statutory damages to the extent permissible, and attorney's fees;

g.  A judgment holding Defendants jointly and severally liable.

h.  A grant of permanent injunction enjoining the Defendants from further acts of trademark infringement and unfair competition;

i.  Any other accounting for damages;

j.  Any other appropriate interest and costs; and

k.  For such other and further relief as the Court deems just and proper.

361946-v1/4456-01200

DATED this 28 day of March, 2016.

Respectfully submitted,

*Kristin Jordan Harkins*
Kristin Jordan Harkins

TX Bar No. 00787795
kharkins@dfw.conleyrose.com
CONLEY ROSE, P.C.
5601 Granite Parkway, Suite 500
Plano, TX 75024
(972) 731-2288
(972) 731-2289 (fax)


Darlene Ghavimi
TX Bar No. 24072114
dghavimi@conleyrose.com
CONLEY ROSE, P.C.
13413 Galleria Circle, Suite 100
Austin, TX 78738
(512) 610-3410
(512) 610-3456 (fax)

**ATTORNEYS FOR PLAINTIFF**

361946-v1/4456-01200